**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

JAN 10 2018

BY
DEPUTY_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 1:17CR154 |
| v. | § | Judge Marcia Crone |
| | § | |
| ERIC PAUL COLEMAN a.k.a. LIL E., (1) | § | |
| MINNIE ANNETTE COLEMAN, (2) | § | **(UNDER SEAL)** |
| CHRISTOPHER CHARLES DUDLEY, (3) | § | |
| CLAYTON DEVONNE HOWARD, (4) | § | |
| JORDAN MARSHALL a.k.a. J-ROCK, (5) | § | |
| ARTHUR JENKINS, (6) | § | |
| PATRICE STOKER, (7) | § | |
| JASON WRIGHT, (8) | § | |
| LEROY HILLS a.k.a. SPORTY, (9) | § | |
| IVY CHATMAN a.k.a. IVY JOE, (10) | § | |

## FIRST SUPERSEDING INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

Violation: 21 U.S.C. § 846
(Conspiracy to possess with the intent to
distribute a controlled substance (cocaine
base a.k.a. "crack" cocaine) — aiding
and abetting).

That from on or about December 2012, the exact date being unknown to the Grand

Jury, and continuing thereafter until December 2017, the exact date being unknown to the

Grand Jury, in the Eastern District of Texas and elsewhere, **Eric Paul Coleman a.k.a.**

**Lil E., Minnie Annette Coleman, Jordan Marshall a.k.a. J-Rock, Arthur Jenkins,**

**Patrice Stoker, Jason Wright, LeRoy Hills a.k.a. Sporty,** and **Ivy Chatman a.k.a. Ivy**

**Joe,** defendants, aiding and abetting each other and others known and unknown,

knowingly and intentionally conspired and agreed with each other, and with persons

known and unknown to the Grand Jury, to distribute and to possess with the intent to

distribute 280 grams or more of cocaine base, a.k.a. "crack" cocaine, a Schedule II

controlled substance.

All in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2.

### Count Two

Violation: 21 U.S.C. § 846
(Conspiracy to Possess with the Intent to
Distribute a Controlled Substance
(Cocaine HCL) — aiding and abetting)

That from on or about December 2012, the exact date being unknown to the Grand

Jury, and continuing thereafter until December 2017, the exact date being unknown to the

Grand Jury, in the Eastern District of Texas and elsewhere, **Eric Paul Coleman a.k.a.**

**Lil E., Christopher Charles Dudley, Clayton Devonne Howard, Jordan Marshall**

**a.k.a. J-Rock, Jason Wright,** and **LeRoy Hills a.k.a. Sporty**, defendants, aiding and

abetting each other and others known and unknown, knowingly and intentionally

conspired and agreed with each other, and with persons known and unknown to the

Grand Jury, to distribute and to possess with the intent to distribute at least (5) kilograms

of cocaine HCL, a Schedule II controlled substance.

All in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2.

### Count Three

Violation: 18 U.S.C. § 1956(h), (i)
(Conspiracy to Launder Monetary
Instruments).

That from on or about December 2013, the exact date being unknown to the Grand Jury, and continuing thereafter until July 2014, the exact date being unknown to the Grand Jury, in the Eastern District of Texas and elsewhere, **Eric Paul Coleman a.k.a. Lil E., Minnie Annette Coleman,** and **Patrice Stoker**, defendants, did knowingly, willfully and unlawfully conspire and agree with persons known and unknown to the Grand Jury to commit offenses against the United States in violation of 18 U.S.C. § 1956(a)(1)(B)(i), that is, to knowingly conduct and attempt to conduct a financial transaction affecting interstate or foreign commerce, which involved the proceeds of a specified unlawful activity, that is, (1) the distribution of 280 grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack"), in violation of 21 U.S.C. § 841(a)(1), and/or (2) the distribution of 500 but less than 4,999 grams of a Schedule II controlled substance, namely, cocaine HCL, in violation of 21 U.S.C. § 841(a)(1), knowing that the transaction was designed, in whole or in part, to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity, and while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some unlawful activity.

All in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), (h), (i), and 2.

### Count Four

Violation: 21 U.S.C. § 860
(Possession with intent to distribute of cocaine base, a.k.a. "crack" cocaine"
near an elementary school – aiding and abetting)

That from on or about June 7, 2017, the exact date being unknown to the Grand Jury, and continuing thereafter until October 22, 2017, in the Eastern District of Texas and elsewhere, **Eric Paul Coleman a.k.a. Lil E.** and **Jordan Marshall a.k.a. J-Rock,** defendants, aiding and abetting each other and others known and unknown, did knowingly possess with the intent to distribute 72.1 grams of a mixture or substance containing cocaine base, commonly known as "crack cocaine," a Schedule II controlled substance, at 8520 Lawrence Drive, Beaumont, Texas, which is within 1000 feet of Homer Drive Elementary School, a public elementary school.

All in violation of Title 21 U.S.C. §§ 860, 841(a)(1) and 18 U.S.C. § 2.

### Count Five

Violation: 21 U.S.C. § 860
(Possession with intent to distribute of
cocaine HCL near an elementary school
– aiding and abetting)

That on or about November 10, 2017, the exact date being unknown to the Grand Jury, in the Eastern District of Texas and elsewhere, **Eric Paul Coleman a.k.a. Lil E.** and **Jason Wright,** defendants, aiding and abetting each other and others known and unknown, did knowingly possess with the intent to distribute 127 grams of a mixture or substance containing cocaine HCL, a Schedule II controlled substance, at 5795 Stanford Drive, Beaumont, Texas, which is within 1000 feet of Homer Drive Elementary School, a public elementary school.

All in violation of Title 21 U.S.C. §§ 860, 841(a)(1) and 18 U.S.C. § 2.

## Count Six

> Violation:  18 U.S.C. § 924(c)
> (Carrying a firearm in furtherance of a
> drug trafficking offense — aiding and
> abetting)

On or about November 10, 2017 in the Eastern District of Texas and elsewhere,

**Eric Paul Coleman a.k.a. Lil E.** and **Jordan Marshall a.k.a. J-Rock**, defendants,

aiding and abetting each other and others known and unknown, did knowingly carry

and/or aid and abet the carrying of a firearm, to wit: a Glock 17 9-millimeter semi-

automatic pistol bearing serial number BBDR260; and/or a Taurus Millenium G2 9-

millileter semi-automatic pistol, bearing serial number TJU86548; and/or a Smith and

Wesson SW40VE .40-caliber semi-automatic pistol, bearing serial number DYJ3511 in

furtherance of a drug trafficking crime occurring in the Eastern District of Texas and

elsewhere for which said defendant may be prosecuted in a court of the United States,

namely, conspiracy to distribute and possess with intent to distribute  280 grams or more

of cocaine base, a.k.a. "crack" cocaine, a Schedule II controlled substance.

In violation of 18 U.S.C. § 924(c)(1)(a)(i) and/or 18 U.S.C. § 2.

## Count Seven

> Violation:  18 U.S.C. § 924(o)
> (Conspiracy to carry a firearm in
> furtherance of a drug trafficking offense)

That from on or about December 2012, the exact date being unknown to the Grand

Jury, and continuing thereafter until December 2017, the exact date being unknown to the

Grand Jury, in the Eastern District of Texas and elsewhere, **Eric Paul Coleman a.k.a.**

**Lil E., Arthur Jenkins**, and **LeRoy Hills a.k.a. Sporty**, defendants, knowingly and

intentionally conspired and agreed with each other, and with persons known and

unknown to the Grand Jury, to carry a firearm in furtherance of a drug trafficking crime

occurring in the Eastern District of Texas and elsewhere for which said defendant may be

prosecuted in a court of the United States, namely, conspiracy to distribute and possess

with intent to distribute  280 grams or more of cocaine base, a.k.a. "crack" cocaine, a

Schedule II controlled substance.

In violation of 18 U.S.C. § 924(o), 924(c)(1)(a)(i) and/or 18 U.S.C. § 2.

## Count Eight
Violation: 18 U.S.C. §§ 844(h)(1), 2
(Use of fire to commit a federal felony
— aiding and abetting).

That from on or about October 2016, the exact date being unknown to the Grand

Jury, and continuing thereafter until December 2016, the exact date being unknown to the

Grand Jury, in the Eastern District of Texas and elsewhere, **Eric Paul Coleman a.k.a.**

**Lil E.,** defendant, while aiding and abetting and being aided and abetted by at least one

other person, did willfully cause fire to be used to commit a felony offense prosecutable

in a court of the United States, namely, the felony offense of conspiracy to possess with

the intent to distribute a controlled substance, namely cocaine base a.k.a. "crack" cocaine,

a schedule II controlled substance.

All in violation of 18 U.S.C. §§ 844(h)(1), 2.

## Count Nine
Violation: 18 U.S.C. § 844(m)
(Conspiracy to use fire to commit a
federal felony).

That from on or about October 22, 2017, the exact date being unknown to the Grand Jury, and continuing thereafter until October 23, 2017, the exact date being unknown to the Grand Jury, in the Eastern District of Texas and elsewhere, **Eric Paul Coleman a.k.a. Lil E.** and **Ivy Chatman a.k.a. Ivy Joe**, defendants, knowingly and intentionally conspired and agreed with each other, and with persons known and unknown to the Grand Jury, to knowingly use fire to commit a federal felony, specifically, conspiracy to distribute and possess with the intent to distribute a controlled substance, namely, cocaine base a.k.a. "crack" cocaine, a schedule II controlled substance.

All in violation of 18 U.S.C. §§ 844(m) and 844(h)(1).

## NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE
Criminal Forfeiture Pursuant to 21 U.S.C. §§ 853 and 881 and 18 U.S.C. § 981(a)(1)(C), (G)

Upon conviction of the offenses alleged in Counts One-Nine of this indictment, **Eric Paul Coleman a.k.a. Lil E., Minnie Annette Coleman, Christopher Charles Dudley, Clayton Devonne Howard, Jordan Marshall a.k.a. J-Rock, Arthur Jenkins, Patrice Stoker, Jason Wright, LeRoy Hills a.k.a. Sporty, and Ivy Chatman a.k.a. Ivy Joe**, defendants, shall forfeit to the United States pursuant to 21 U.S.C. § 853 and 881 and 18 U.S.C. § 981(a)(1)(C), (G), , any property constituting, or derived from, proceeds obtained directly, or indirectly, as a result of the said violation, and any property used, or intended to be used in any manner or part, to commit or to facilitate the commission of the said violation, including but not limited to the following:

## **MONEY JUDGMENT**

1. A sum of money equal to one-hundred fifty thousand dollars ($150,000) in United States currency, representing the amount of proceeds obtained as a result of the offense alleged in Count One, conspiracy to distribute and to possess with the intent to distribute two-hundred eighty (280) grams or more of a Schedule II controlled substance, namely, cocaine base, a.k.a. "crack" cocaine.

2. A sum of money equal to fifty thousand dollars ($50,000) in United States currency, representing the amount of proceeds obtained as a result of the offense alleged in Count Two, conspiracy to distribute and to possess with the intent to distribute between 500 grams but less than  4,999 grams or more of a Schedule II controlled substance, namely, cocaine HCL.

If any of the above-described forfeitable property, as a result of any act or omission of

the defendant(s):

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without

           difficulty.

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of

any other property of said defendants up to the value of the forfeitable property described

above.

      By virtue of the commission of the felony offense charged in this indictment by

the defendants any and all interest the defendants have in the above-described properties

is vested in the United States and hereby forfeited to the United States pursuant to 21

U.S.C. § 853 and/or 881 and/or 18 U.S.C. § 981(a)(1)(C), (G).

Indictment – Page 8

A TRUE BILL

_____
GRAND JURY FOREPERSON

ALAN R. JACKSON
UNITED STATES ATTORNEY

_____
CHRISTOPHER RAPP
Assistant United States Attorney

_____1/10/18_____
Date

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 1:17CR154 |
| v. | § | Judge Marcia Crone |
| | § | |
| ERIC PAUL COLEMAN a.k.a. LIL E., (1) | § | |
| MINNIE ANNETTE COLEMAN, (2) | § | (UNDER SEAL) |
| CHRISTOPHER CHARLES DUDLEY, (3) | § | |
| CLAYTON DEVONNE HOWARD, (4) | § | |
| JORDAN MARSHALL a.k.a. J-ROCK, (5) | § | |
| ARTHUR JENKINS, (6) | § | |
| PATRICE STOKER, (7) | § | |
| JASON WRIGHT, (8) | § | |
| LEROY HILLS a.k.a. SPORTY, (9) | § | |
| IVY CHATMAN a.k.a. IVY JOE, (10) | § | |

## NOTICE OF PENALTY

### Count One

Violation:      21 U.S.C. §§ 841(b) and 846

Penalty:      If 280 grams or more of cocaine base, a.k.a. "crack" cocaine -
imprisonment of not less than 10 years, but not more than life,
a fine not to exceed $8 million, or both, and a supervised
release of at least 5 years, but not more than life.

If 28 grams or more, but less than 280 grams of cocaine base,
a.k.a "crack cocaine - imprisonment of not less than 5 years,
but not more than 40 years, a fine not to exceed $5 million, or
both, and supervised release of at least 4 years, but not more
than life;

If less than 28 grams of cocaine base, a.k.a. "crack" cocaine -
not more than 20 years imprisonment, a fine not to exceed $1
million, or both, and supervised release of at least 3 years,
but not more than life.

<u>Penalty if one prior drug felony offense has become final</u>:

> If 280 grams or more of cocaine base, a.k.a. "crack" cocaine - - imprisonment of not less than 20 years, but not more than life, a fine not to exceed $20 million, or both, and supervised release of at least 10 years, but not more than life;

> If 28 grams or more, but less than 280 grams of cocaine base, a.k.a "crack cocaine - imprisonment of not less than 10 years, but not more than life, a fine not to exceed $8 million, or both, and supervised release of at least 8 years, but not more than life;

> If less than 28 grams of cocaine base, a.k.a. "crack" cocaine - not more than 30 years imprisonment, a fine not to exceed $1 million, or both, and supervised release of at least 6 years, but not more than life.

<u>Penalty if two prior drug felony offense has become final</u>:

> If 280 grams or more of cocaine base, a.k.a. "crack" cocaine - imprisonment of not less than life, a fine not to exceed $20 million, or both;

<u>Special Assessment</u>:   $ 100.00

## Count Two

<u>Violation</u>:        21 U.S.C. §§ 841(b) and 846

<u>Penalty</u>:        If 5 kilo grams or more of cocaine HCL - imprisonment of not less than 10 years, but not more than life, a fine not to exceed $8 million, or both, and a supervised release of at least 5 years, but not more than life.

> If 500 grams or more but less than 4,999 grams of cocaine HCL - imprisonment of not less than 5 years, but not more than 40 years, a fine not to exceed $5 million, or both, and supervised release of at least 4 years, but not more than life;

> If less than 500 grams of cocaine HCL - not more than 20 years imprisonment, a fine not to exceed $1 million, or both, and supervised release of at least 3 years, but not more than life.

Penalty if one prior drug felony offense has become final:

        If 5 kilograms or more of cocaine HCL - imprisonment of not less than 20 years, but not more than life, a fine not to exceed $20 million, or both, and supervised release of at least 10 years, but not more than life;

        If 500 grams or more but less than 4,999 grams of cocaine HCL - imprisonment of not less than 10 years, but not more than life, a fine not to exceed $8 million, or both, and supervised release of at least 4 years, but not more than life;

        If less than 500 grams of cocaine HCL - not more than 30 years imprisonment, a fine not to exceed $1 million, or both, and supervised release of at least 3 years, but not more than life.

Penalty if two prior drug felony offense has become final:

        If 5 kilograms or more of cocaine HCL - imprisonment of not less than life, a fine not to exceed $20 million, or both;

Special Assessment:  $ 100.00

## Count Three

Violation:        18 U.S.C. §§ 1956 (a)(1)(B)(i) and (h)

Penalty:        Not more than 20 years, a fine not to exceed $500,000 or twice the value of the property involved in the transaction, whichever is greater, and supervised release of at least 3 years, but not more than life;

Special Assessment:  $ 100.00

## Count Four

Violation:        21 U.S.C. §§ 860, 841(a)(1) and 18 U.S.C. § 2

Penalty:        If 28 grams or more, but less than 280 grams of cocaine base, a.k.a "crack cocaine - imprisonment of not less than 5 years, but not more than 80 years, a fine not to exceed $10 million, or both, and supervised release of at least 8 years, but not more than life;

If less than 28 grams of cocaine base, a.k.a. "crack" cocaine - not more than 40 years imprisonment, a fine not to exceed $2 million, or both, and supervised release of at least 6 years, but not more than life.

Penalty if one prior drug felony offense has become final:

If 28 grams or more, but less than 280 grams of cocaine base, a.k.a "crack" cocaine - imprisonment of not less than 5 years, but not more than life, a fine not to exceed $16 million, or both, and supervised release of at least 16 years, but not more than life;

If less than 28 grams of cocaine base, a.k.a. "crack" cocaine - not more than 60 years imprisonment, a fine not to exceed $4 million, or both, and supervised release of at least 6 years, but not more than life.

Special Assessment:   $ 100.00

## **Count Five**

Violation:          21 U.S.C. §§ 860, 841(a)(1) and 18 U.S.C. § 2

Penalty:            Not more than 40 years imprisonment, a fine not to exceed $2 million, or both, and supervised release of at least 6 years, but not more than life.

Penalty if one prior drug felony offense has become final:

Not more than 60 years imprisonment, a fine not to exceed $4 million, or both, and supervised release of at least 6 years, but not more than life.

Special Assessment:   $ 100.00

## **Count Six**

Violation:          18 U.S.C. § 924(c)

Penalty:            Imprisonment for not less than 5 years to run consecutively with any other sentence, a fine of not more than $250,000, or both, and a term of supervised release of not more than 5 years.

Indictment – Page 13

Special Assessment: $100.00

## Count Seven

Violation:          18 U.S.C. § 924(o)

Penalty:           Imprisonment for not more than 20 years, a fine of not more
                    than $250,000, or both, and a term of supervised release of
                    not more than 5 years.

Special Assessment: $100.00

## Count Eight

Violation:          18 U.S.C. § 844(h)(1), (o), 2

Penalty:           Imprisonment for not more than 10 years to run consecutively
                    to with any other sentence, a fine and term of supervised
                    release in accordance with the fine and supervised release
                    ranges for Count One.

Special Assessment: $100.00

## Count Nine

Violation:          18 U.S.C. § 844(m)

Penalty:           Imprisonment for not more than 20 years, a fine and term of
                    supervised release in accordance with the fine and supervised
                    release ranges for Count One.

Special Assessment: $100.00